UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                          N/A
   Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART AND
                DENYING IN PART DEFENDANTS' MOTION TO DISMISS
                THE FIRST AMENDED COMPLAINT (Doc. 32)**

      Before the Court is Defendants'[1] Motion to Dismiss the First Amended Complaint.
(Mot., Doc. 32.)  Plaintiffs Aleksandr Urakhchin and Nathan Marfice opposed, and
Defendants replied.  (Opp., Doc. 34; Reply, Doc. 38.)  Having taken the matter under
submission, and having read and considered the parties' briefs, the Court GRANTS IN
PART and DENIES IN PART the Motion.

**I.    BACKGROUND**

      The First Amended Complaint alleges the following facts:
      The Allianz Asset Management of America, L.P. 401(k) Savings and Retirement
Plan covers eligible employees and former employees of Defendants Allianz Asset
Management of America, L.P. and Allianz Asset Management of America, LLC

_____

      [1] The Defendants are Allianz Asset Management of America, L.P., Allianz Asset
Management of America, LLC, Allianz Global Investors Fund Management LLC, Allianz
Global Investors US LLC, Committee of the Allianz Asset Management of America, L.P.,
401(k) Savings and Retirement Plan, John Maney, NFJ Investment Group, LLC, and Pacific
Investment Management Company, LLC.  (Mot.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

(together "AAM").  (FAC ¶ 1, Doc. 28.)  The Plan also covers employees of various
AAM subsidiaries including Defendants Allianz Global Investors Fund Management
LLC, Pacific Investment Management Company, LLC ("PIMCO"), Allianz Global
Investors U.S. LLC, and NFJ Investment Group LLC.  (*Id.* ¶ 18.)  Plaintiffs Aleksandr
Urakhchin and Nathan Marfice have participated in the Plan since 2011 and 2009,
respectively.  (*Id.* ¶¶ 12-13.)  AAM-L.P. is the "plan sponsor" of the Plan, and John
Maney is the Chief Operating Officer and Managing Director of AAM.  (*Id.* ¶¶ 19-20,
24.)  Pursuant to the Plan document, the Committee and its members are designated as
Plan fiduciaries as well as "administrator[s]" of the Plan.  (*Id.* ¶¶ 22-23.)

     The Plan is a defined-contribution or 401(k) plan, a type of employee retirement
plan in which employees invest a percentage of their earnings on a pre-tax basis.  (*Id.*
¶ 40.)  Employers often match employee contributions up to a certain percentage.  (*Id.*)
Participants direct the investment of their contributions by choosing from "a lineup of
options offered by the Plan."  (*Id.*)  At retirement, an employee's benefits are generally
limited to the value of their own investment accounts, which is determined by the market
performance of the contributions less expenses.  (*Id.* ¶ 46.)  Maximizing retirement
benefits is therefore influenced by two "critical, interrelated functions of plan fiduciaries:
designing the menu of investment options and minimizing plan expenses."  (*Id.*)
Fiduciaries can minimize plan expenses by hiring low-cost service providers and by
selecting a menu of low-cost investment options.  (*Id.* ¶ 50.)  Economies of scale
generally lower administrative expenses on a per-participant or percentage-of-assets
basis.  (*Id.*)

     Plaintiffs allege that during the statutory period, the only "core" investment
options offered within the Plan were investments managed by PIMCO or Allianz Global
Investors, both of which are AAM subsidiaries.  (*Id.* ¶ 59.)  Taking into account the
administrative and investment expenses within the Plan, the 2013 year-balances of the
investments, and publicly available information regarding each investment's expenses,
Plaintiffs estimate the total Plan costs for 2013 were equal to .77% of the $772 million in
Plan assets.  (*Id.* ¶ 65.)  According to Plaintiffs, this total plan cost is "outrageously high
for a defined-contribution plan with over $500 million in assets."  (*Id.* ¶ 66.)  In 2013, the
average plan cost for plans between $500 million and $1 billion in assets was .44%, and
90% of plans with such assets had total plan costs of less than .63%.  (*Id.*)  Plan

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

participants allegedly would have saved approximately $2.25 million in fees had the Plan limited its total costs to .44%.  (*Id*. ¶ 67.)

Plaintiffs allege that AAM, the Committee, and Maney (together, the "Fiduciary Defendants") improperly managed the Plan assets for their own benefit.  (*Id*. ¶ 2(a).)  Plaintiffs allege the Fiduciary Defendants breached their fiduciary duties by (a) selecting high-cost Allianz-affiliated investment options solely to benefit the Allianz family, (b) failing to monitor the high fees and expenses imposed on Plan participants, (c) failing to investigate lower-cost options with comparable performances, and (d) retaining high-cost investment options at the direct detriment of Plan participants.  (*Id*. ¶ 118.)

Plaintiffs also allege the Fiduciary Defendants improperly used the Plan to promote untested mutual funds and further the Allianz Family's mutual fund business.  (*Id*. ¶ 76.)  New funds are generally imprudent selections for a retirement plan because they are untested and carry expensive start-up costs.  (*Id*. ¶ 83.)  Despite these considerations, the Fiduciary Defendants added five PIMCO RealRetirement Funds, AllianzGI Retirement Funds, and other new mutual funds to the Plan less than a year after they were launched.  (*Id*. ¶¶ 85, 86, 87.)  The above funds have performed poorly or have underperformed their benchmark index, thereby benefiting the Allianz family at the detriment of Plan participants.  (*Id*. ¶¶ 88-90.)  Plaintiffs also allege the Fiduciary Defendants have exposed participants to imprudent new funds through the Plan's default investment fund, AllianzGI Global Allocation Fund.  (*Id*. ¶¶ 92, 95.)  By using this fund, the Fiduciary Defendants allegedly reinvested Plan assets into a stream of new and unproven funds to promote the Allianz Family's new mutual fund offerings.  (*Id*. ¶¶ 99-100.)  Plaintiffs allege they did not have knowledge of the material facts to support their claims until "shortly before this suit was filed."  (*Id*. ¶ 107.)

Finally, Plaintiffs allege that several participating employers in the Plan including AAM, Allianz Global Investors Fund Management LLC, PIMCO, Allianz Global Investors U.S. LLC, and NFJ Investment Group LLC (together, the "Employer Defendants") improperly receive Plan assets as profits at the expense of the Plan and its beneficiaries.  (*Id*. ¶ 2(b).)

On October 7, 2015, Plaintiffs filed a Complaint against Defendants.  (Compl., Doc. 1.)  On January 6, 2016, Plaintiffs filed a First Amended Complaint alleging the following claims: (1) breach of duties of loyalty and prudence, 29 U.S.C.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

§ 1104(a)(1)(A)-(B), (2) failure to monitor fiduciaries, and (3) a claim for other equitable relief based on ill-gotten proceeds, 29 U.S.C. § 1132(a)(3).  (FAC ¶¶ 117-33.) Defendants now move to dismiss the First Amended Complaint in its entirety.[2]

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-985 (9th Cir. 2008).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "The party asserting [] subject matter jurisdiction bears the burden of proving its existence." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "The plaintiff 'bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.'"  *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016) (quoting *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1017 (9th Cir. 1999)).

### B.   Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

_____

[2] Although the Motion is directed at the First Amended Complaint, Defendants refer to the Complaint rather than the FAC throughout the Motion.  (*See* Mem.)  Where applicable and relevant, the Court construes all references to the Complaint as references to the FAC.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

(2009).  Furthermore, courts must draw all reasonable inferences in the light most
favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,
998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion
couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  And while judicial review is
generally limited to the face of a complaint, courts may properly consider "documents
incorporated into the complaint by reference, and matters of which a court may take
judicial notice."  *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) (quoting
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

    "To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*,
556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility
when the pleaded factual content allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at
556).  Although a complaint "does not need detailed factual allegations," the "[f]actual
allegations must be enough to raise a right to relief above the speculative level . . . ."
*Twombly*,[3] 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing party to defend itself
effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair
to require the opposing party to be subjected to the expense of discovery and continued
litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).


**III.     REQUEST FOR JUDICIAL NOTICE**

    Defendants request that the Court take judicial notice of six exhibits: (1) a copy of
the 2012 Restatement of the Allianz Asset Management of America L.P. 401(k) Savings
and Retirement Plan and amendments thereto (the "Plan Document"), (2) excerpted

_____

    [3] To the extent Plaintiffs argue the Court should analyze their ERISA claims under a
relaxed pleading standard, (Opp. at 9-10), the Court finds otherwise.  *See, e.g.*, *Fifth Third
Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2464 (2014) (confirming that the *Iqbal/Twombly*
pleading standards apply to ERISA cases).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

copies of Form 5500s for the Plan, which were publicly filed with the Department of
Labor, (3) excerpted copies of annual reports and prospectuses for the funds at issue,
which were publicly filed with the SEC, (4) an excerpted copy of *A Close Look at 401(k)
Plans*, a document prepared by the Investment Company Institute, (5) an excerpted copy
of *The Study of 401(k) Plan Fees and Expenses*, a document prepared by the Department
of Labor, and (6) Morningstar web pages regarding certain funds at issue in this action.
(Def. RJN at 2-3, Doc. 33.)

 "Generally, a court may not consider material beyond the complaint in ruling on a
[Rule 12] motion." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th
Cir. 2007).  However, courts may "consider certain materials—documents attached to the
complaint, documents incorporated by reference in the complaint, or matters of judicial
notice—without converting the motion to dismiss into a motion for summary judgment."
*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under the "incorporation by
reference" doctrine, courts may take judicial notice of a document where "the plaintiff's
claim depends on the contents of a document, the defendant attaches the document to its
motion to dismiss, and the parties do not dispute the authenticity of the document, even
though the plaintiff does not explicitly allege the contents of that document in the
complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v.
FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998).  Under Federal Rule of Evidence 201, a
fact is appropriate for judicial notice if it is not subject to reasonable dispute in that it is
(1) generally known within the territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy cannot reasonably
be questioned. Fed. R. Evid. 201(b).  A court "must take judicial notice if a party
requests it and the court is supplied with the necessary information." Fed. R. Evid.
201(c)(2).

 Plaintiffs take no issue with the first and fifth documents, (Pl. RJN Response at 1,
Doc. 35), documents which were incorporated by reference into the Complaint and were
attached to the Plaintiffs' Complaint, (Def. RJN at 2-3).  The Court therefore takes
judicial notice of these documents.  As for the second, third, and fourth requests,
Plaintiffs acknowledge that courts may and often do take judicial notice of such
documents, but they argue that Defendants' proposed application of the documents is
improper.  (Pl. RJN Response at 1-6.)  As to these documents, the Court takes judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

notice solely of "the existence of [these] matters of public record," and it does not "take judicial notice of one party's opinion of how a matter of public record should be interpreted" or for the truth of the matter asserted therein.  *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015).

    Finally, the Court addresses the Defendants' sixth request.  Attached to the FAC are Morningstar reports that analyze the performance of certain funds at issue in this litigation.  (Def. RJN at 2.)  Defendants argue that for the purpose of completeness, the Court should consider Morningstar web pages that subjectively rate the expense level of each fund in the Plan. (*Id*. at 2, 3.)  The Court finds that Defendants improperly seek judicial notice of disputed issues of fact.  Accordingly, the Court DENIES the Request for Judicial Notice as to these webpages.

## IV.   **DISCUSSION**

    Defendants argue that dismissal of the FAC is proper because (1) Plaintiffs lack constitutional standing regarding Plan investment options in which they did not invest, (2) their claims are barred by the relevant three-year statute of limitations, and (3) they fail to adequately state their claims for breach of fiduciary duties, failure to monitor, and equitable relief.  (Mem. at 8-29.)  The Court addresses each argument in turn.

### A.   **Standing**

    Defendants acknowledge that Plaintiffs have invested and have a financial interest in certain funds within the Plan.  (Reply at 20.)  However, Defendants argue that Plaintiffs lack constitutional standing regarding Plan investment options in which Plaintiffs did not invest.  (Mem. at 28-30; Reply at 20-21.)

    Whether a plaintiff has standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To establish constitutional standing, a plaintiff must show injury in fact.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To satisfy this burden, the plaintiff must allege she suffered an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Id.* (internal quotation marks and citation

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

omitted).  The plaintiff "bears the burden of showing that he has standing for each type of
relief sought."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

      In their motion, Defendants rely on three securities fraud cases where, to the
extent the named plaintiffs did not own the securities at issue, the claims were dismissed.
(Mem. at 29, n.98 (citing *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d
1157, 1163-64 (C.D. Cal. 2010); *In re Wells Fargo Mortg. Backed Certificates Litig.*, 712
F. Supp. 2d 958, 965 (N.D. Cal. 2010); *Siemers v. Wells Fargo & Co.*, No. C 05-04518,
2006 WL 3041090, at *7-8 (N.D. Cal. Oct. 24, 2006)).)  These cases are inapposite.
Claims under sections 11 and 12 of the Securities Act require allegations of a defendant's
material misrepresentation or nondisclosure when selling securities.  *See In re Wells
Fargo*, 712 F. Supp. 2d at 963.  Thus, because of the unique factual nature of these
claims, courts have consistently found that plaintiffs "suffer[] no injury from offerings
which they did not purchase."  *Countrywide Fin. Corp.*, 722 F. Supp. 2d at 1163.
However, courts have declined to apply the above bright-line rule when addressing
ERISA claims for breach of fiduciary duties.  *See Krueger v. Ameriprise Fin., Inc.*, 304
F.R.D. 559, 567 (D. Minn. 2014) (finding that plaintiffs did not lack standing to pursue
claims based on funds in which they did not invest); *Glass Dimensions, Inc. v. State St.
Bank & Trust Co.*, 285 F.R.D. 169, 175 (D. Mass. 2012) (finding the plaintiff "has
established constitutional standing with respect to the 257 funds that it did not
purchase."); *Walsh v. Marsh & McLennan Cos.*, Civ. JFM-04-0888, 2006 WL 734899, at
*1 (D. Md. Feb. 27, 2006) ("[I]t does not matter, at least for the purpose of constitutional
standing, that [the plaintiff] [had] not invested in [certain] funds.").  Rather, courts look
to the nature of the claims and allegations to determine whether the pleaded injury relates
to the defendants' management of the Plan *as a whole*.  Here, the crux of Plaintiffs'
claims involves the Defendants' alleged practice of selecting and retaining Allianz-
affiliated investments solely to benefit the Allianz family, rather than considering lower-
cost, unaffiliated options for the benefit of Plan participants.  (FAC ¶¶ 118.)  Due to this
alleged misconduct, Plaintiffs were unable to select low-cost options when investing in
the Plan.  Thus, as in *Walsh* and *Glass Dimensions*, the Plaintiffs here "allege[] an injury
rooted in Defendants' conduct in managing all . . . [the] funds as a group."  *Glass
Dimensions*, 285 F.R.D. at 175; *Walsh*, 2006 WL 734899, at *1 (noting that the plaintiffs

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

"challenge the prudence of ERISA fiduciaries adding or continuing to keep" Plan investment options).

        For this reason, this case is distinguishable from the remaining cases cited by Defendants.  (*See* Mem. at 29-30 (citing *Fuller v. SunTrust Banks, Inc*., Civ. A No. 11-cv-784-ODE, 2012 WL 1432306 (N.D. Ga. Mar. 20, 2012); *David v. Alphin*, 817 F. Supp. 2d 764 (W.D.N.C. 2011)).  In *Fuller*, the plaintiff provided nothing more than a "bare assertion that a breach of fiduciary duty harms all plan participants."  2012 WL 1432306, at *8.  In *David*, the plaintiffs contended that the defendants breached their fiduciary duties when selecting a specific bank-affiliated fund in which neither plaintiff had invested or participated.  817 F. Supp. 2d at 781-82.  Here, in contrast, the non-speculative harm Plaintiffs allegedly suffered relates to the Defendants' Plan management and fund selection process as a whole rather than the unique factual nature of individual funds.  Accordingly, Plaintiffs adequately allege constitutional standing as to all the challenged funds in the Plan at issue, including funds in which Plaintiffs did not invest.  The Motion is therefore DENIED on this basis.

### B.   <u>Statute of Limitations</u>

        Defendants then argue that Plaintiffs' claims are barred by ERISA's three-year statute of limitations.  (Mem. at 8-11.)  Defendants argue that because Plaintiffs had actual knowledge of the underlying violation more than three years before bringing this suit, their claims are barred under § 1113.  (*Id*.)

        ERISA provides that "[n]o action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the *earlier* of—

    (1)  six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

    (2)  three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation[.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                           Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

29 U.S.C. § 1113(a) (emphasis added).  Under the standard adopted by the Ninth Circuit, the "statute of limitations is triggered by the [plaintiffs'] knowledge of the transaction that constituted the alleged violation, not by their knowledge of the law." *Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir. 1985) (citations omitted).  Ordinarily, plaintiffs "need not 'plead on the subject of an anticipated affirmative defense.'" *Rivera v. Peri & Sons Farms, Inc*., 735 F.3d 892, 902 (9th Cir. 2013) (quoting *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).  "When an affirmative defense is obvious on the face of the complaint, however, a defendant can raise that defense in a motion to dismiss." *Id*. (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th Cir. 1999)).

To argue that the statute of limitations bars Plaintiffs' claims, Defendants point to publicly available or disclosed information regarding the Plan.  First, Defendants argue "the Plan lineup was fully disclosed to all participants and the public alike" and that, as a result, Plaintiffs "knew more than three years ago[] that only funds advised by PIMCO and AGI were offered as 'core' investment options."  (Mem. at 9.)  Second, Defendants argue that all Plan participants were provided annual disclosures as to fees, and that information on fees and performance were also provided to investors in compliance with federal securities law.  (Mem. at 10 n.38, n.39.)  Plaintiffs allege they first participated in the Plan in 2009 and 2011, thereby creating a reasonable inference that they were provided annual disclosures more than three years before bringing this suit.  (Mem. at 9; FAC ¶¶ 105-06.)  Third, Defendants argue that other ERISA-governed plans would have filed publicly-available Forms 5000.  (Mem. at 10 n.39.)  Fourth, without any cited support, Defendants assert they themselves disclosed some of the data on comparable funds to participants.  (*Id*.)

At this stage in the proceedings, the Court may consider only the pleadings and judicially noticed documents.  To support their allegations that Defendants breached their duties of prudence and loyalty, Plaintiffs compare 2013 and 2014 Plan fees with (a) lower average cost percentages of similarly sized plans in 2013 and (b) lower fees of alternative plans with allegedly comparable performances in 2013 and 2014.  (FAC ¶¶ 65-72.)  In 2013, the Plan at issue here had costs that amounted .77% of the Plan's assets.  (*Id*. ¶ 65.)  Plaintiffs assert this percentage is "outrageously high" when compared to the 2013 average cost percentage of .44%.  (*Id*. ¶ 66.)  Comparing fees in 2013 and 2014, Plaintiffs alleged that fees within the Plan were "up to 24 times more expensive than alternatives in

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                      Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

the same investment style."  (*Id*. ¶ 72.)  This data and the resulting comparisons are material to Plaintiffs' allegations of Defendants' alleged imprudence, and Plaintiffs could not have known this data before 2013.  Defendants argue that information regarding the fees and expenses of alternative plans were publicly available before 2013, but they do not point to any judicially noticeable documents indicating that pre-2013 fees, expenses, or cost percentages of alternative plans *were the same or lower* than the 2013 or 2014 figures alleged in the FAC.  Nor do any of Plaintiffs' allegations raise any such inference.

Accordingly, because this affirmative defense is not "obvious on the face of the complaint," dismissal is not warranted on this basis at this stage in the litigation.  *Rivera*, 735 F.3d at 902.

### C.        Claim for Breach of Duties of Prudence and Loyalty (Count I)

Defendants then argue that Plaintiffs fail to state a claim for breach of fiduciary duties.  (Mem. at 12-24.)  For the following reasons, the Court DENIES the Motion as to this claim.

ERISA requires plan fiduciaries to act "solely in the interest of [plan] participants . . . for the exclusive purpose of (i) providing benefits to participants . . . and (ii) defraying reasonable expenses of administering the plan[.]"  29 U.S.C. § 1104(a)(1).  ERISA also requires plan fiduciaries to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).  Here, Plaintiffs allege that Defendants breached the duties of loyalty and prudence in part by limiting designated investment options to Allianz-affiliated funds and retaining those funds despite their excessive fees and poor performance.  (FAC ¶ 118.)  Reading the allegations in the light most favorable to the nonmoving party, Plaintiffs adequately allege a conflict of interest and improper fiduciary acts that breach the above duties to Plan participants.  Contrary to Defendants' assertions, these allegations adequately question "whether the fiduciary used appropriate methods to investigate the merits of the transaction."  (Mem. at 12 (quoting *Harris v. Amgen, Inc*., 788 F.3d 916, 936 (9th Cir. 2014)).

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                              Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

　　　　In arguing that the above allegations do not support an inference of imprudence or
disloyalty, Defendants urge the Court to consider the Plan as a whole.  (Mem. at 14-15.)
Defendants assert that Plan participants were not limited to Allianz-affiliated "core"
investment options because they were able to invest in a Schwab Personal Choice
Retirement Account, through which they could invest in unaffiliated mutual funds.  (*Id.*)
At this stage in the proceedings, the Court finds this argument unavailing.  "Under
ERISA, the prudence of investments or classes of investments offered by a plan must be
judged individually."  *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 423 (4th Cir. 2007)
(quoting *Langbecker*, 476 F.3d 299, 308 n.18 (5th Cir. 2007), and citing *In re Unisys Sav.
Plan Litig.*, 74 F.3d 420, 438-41 (3d Cir. 1996)).  "That is, a fiduciary must initially
determine, and continue to monitor, the prudence of *each* investment option available to
plan participants."  *Id.*  "[T]he relevant 'portfolio' that must be prudent is *each* available
Fund considered on its own, . . . not the full menu of Plan funds."  *Id.*  Whether the
combination of the Allianz-affiliated "core" investment options and the Schwab
investment option together create a prudent portfolio is therefore a question of fact that is
inappropriate to resolve at the motion to dismiss stage.  Accordingly, dismissal would be
improper on this basis.

　　　　Defendants then argue that a plan structure consisting solely of proprietary funds
cannot give rise to an inference that ERISA fiduciaries breached their duties.  (Mem. at
15-16.)  However, this assertion mischaracterizes the nature of Plaintiffs' allegations.
Defendants allegedly breached their fiduciary duties because they selected Allianz-
affiliated investment options to benefit the Allianz family, they failed to monitor the high
fees and expenses imposed on Plan participants, they failed to investigate lower-cost
options with comparable performances, *and* they retained the high-cost investment
options at the direct detriment of Plan participants.  (FAC ¶ 118.)  Together, these
allegations sufficiently state a claim for breach of fiduciary duties.  Defendants point to
Prohibited Transaction Exemption 77-3, (Mem. at 15), which provides that plans
sponsored by mutual fund advisors and their affiliates may invest in affiliated mutual
funds.  29 U.S.C. §§ 1108(b)(5), (8); H.R. Conf. Rep. No. 93-1280 (Aug. 12, 1974).
However, this exemption is specific to prohibited transaction claims under 29 U.S.C.
§ 1106, which are not at issue here.  29 U.S.C. § 1108(b).  Moreover, "[a]n exception
granted under [§ 1108] shall not relieve a fiduciary from any other applicable provision

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

of this chapter," including duties of prudence and loyalty imposed under § 1104.  29
U.S.C. § 1108(a).  Accordingly, dismissal is not warranted on this basis.

 Finally, Defendants argue that AAM Entities have voluntarily contributed millions
of their own dollars into the Plan to benefit Plan participants, and the Plan offers less than
a third of the total AGI and PIMCO funds offered to the public.  (Mem. at 16-17.)
Whether these actions absolve the Defendants' liability is a question of fact that is
inappropriate to resolve at the motion to dismiss stage.

 Accordingly, the Motion is DENIED as to this claim.

### D. <u>Claim for Failure to Monitor (Count II)</u>

 Plaintiffs' second claim alleges that AAM LP, AAM LLC, and Maney breached
additional ERISA duties by failing to monitor the Committee members' fiduciary
processes.  (FAC ¶¶ 122-29.)  First, Defendants argue that this claim fails because
Plaintiffs have not adequately alleged underlying breaches of fiduciary duties.  (Mem. at
24.)  For the reasons stated above, Plaintiffs adequately state a claim for the alleged
breach.  Dismissal is therefore unwarranted on this basis.[4]

 Defendants then argue that Count II fails because the FAC contains no well-
pleaded facts regarding the fiduciary monitoring process.  (Mem. at 25.)  The Court finds
this argument unavailing.  Plaintiffs allege the Monitoring Defendants were responsible
for appointing and removing members of the Committee.  (FAC ¶¶ 19, 20, 24, 123.)
Plaintiffs allege that pursuant to this authority, these Defendants were obligated to ensure
the Committee members were complying with ERISA in their management of the Plan.
(*Id*. ¶¶ 124-26.)  As alleged in the FAC, the Monitoring Defendants breached their
fiduciary monitoring duties by failing to (a) monitor and evaluate the performance of
their appointees, or *failing to have a system in place for doing so*, and (b) failing to
remove appointees who maintained imprudent, excessively costly, and poorly performing
investments within the Plan, all to the detriment of the Plan and its participants.  (*Id*.

_____

 [4] Defendants raise an identical argument for dismissing Plaintiffs' third claim for
equitable relief.  (Mem. at 24.)  For the same reasons, dismissal is unwarranted on this basis.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                    Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

¶ 127.)  The Court finds that these allegations adequately state a claim regarding the
allegedly deficient fiduciary monitoring process.

Accordingly, the Motion is DENIED as to this claim.

### E.    Claim for Restitution or Disgorgement (Count III)

Under 29 U.S.C. § 1132(a)(3), Plaintiffs seek restitution or disgorgement against
the non-fiduciary Employer Defendants.  (FAC ¶¶ 130-33.)  Under § 1132(a)(3), a
participant, beneficiary, or fiduciary may bring a civil action:

> (A)  to enjoin any act or practice which violates any provision of this
> subchapter or the terms of the plan, or
> (B)  to obtain other appropriate equitable relief (i) to redress such
> violations or (ii) to enforce any provisions of this subchapter or the
> terms of the plan[.]

29 U.S.C. § 1132(a)(3).  As explained by the Supreme Court, the term "'equitable relief'
must mean *something* less than *all* relief."  *Great-West Life & Annuity Ins. Co. v.
Knudson*, 534 U.S. 204, 209 (2002) (quoting *Merens v. Hewitt Assocs.*, 508 U.S. 248, 258
n.8 (1993)).  "[T]he term 'equitable relief' in § 502(a)(3) must refer to 'those categories
of relief that were *typically* available in equity[.]"  *Knudson*, 534 U.S. at 210 (quoting
*Merens*, 508 U.S. at 256).  However, "not all relief falling under the rubric of restitution
is available in equity."  *Id*. at 212.  Whether restitution is a legal or equitable remedy
"depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying
remedies sought."  *Id*. at 213 (alteration in original) (quoting *Reich v. Continental
Casualty Co*., 33 F.3d 754, 756 (7th Cir. 1994)).  "In cases in which the plaintiff 'could
*not* assert title or right to possession of particular property, but in which nevertheless he
might be able to show just grounds for recovering money to pay for some benefit the
defendant had received from him,' the plaintiff had a right to restitution *at law*[.]"  *Id*.
(quoting 1 Dobbs § 4.2(1), at 571).  "In contrast, a plaintiff could seek restitution *in
equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or
property identified as belonging in good conscience to the plaintiff could clearly be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                        Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.

traced to particular funds or property in the defendant's possession." *Id.* (citations
omitted).  "Thus, for restitution to lie in equity, the action generally must seek not to
impose personal liability on the defendant, but to restore to the plaintiff particular funds
or property in the defendant's possession." *Id.* at 214.

      Here, Plaintiffs fail to allege that any of the money sought to be disgorged can be
traced to particular funds or property in the Defendants' possession.  In their opposition
brief, Plaintiffs assert they "will be able to trace the exact transactions and entities related
to each fiduciary breach, and thus the property is sufficiently traceable for purposes of an
equitable restitution claim."  (Opp. at 24.)  However, Plaintiffs fail to make any such
allegations in their operative complaint, and they may not amend their FAC through an
opposition brief.  Plaintiffs also argue there is a "limited exception" to the traceability
requirement "for an accounting for profits, a form of equitable restitution" wherein a
plaintiff may "recover profits produced by defendant's use of [plaintiff's] property, even
if [they] cannot identify a particular res containing the profits sought to be recovered."
(Opp. at 24 (quoting *Knudson*, 534 U.S. at 214 n.2).)  Seeking an accounting of profits
against fiduciaries is generally considered equitable relief "while a suit seeking the
identical relief against a nonfiduciary would normally be a suit at law," thereby
characterizing the relief sought as legal rather than equitable.  *Reich*, 33 F.3d at 756.
Given that this third claim is alleged against nonfiduciary defendants, the "limited
exception" to the traceability requirement does not apply here.

      Moreover, to adequately allege a claim against nonfiduciaries under § 1132(a)(3),
plaintiffs must plead the defendants "had actual or constructive knowledge of the
circumstances that rendered the transaction unlawful." *Harris Trust & Sav. Bank v.
Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000).  Defendants argue that Plaintiffs
fail to plead the requisite knowledge.  (Mem. at 27-28.)  In their opposition briefs,
Plaintiffs point to allegations that (1) AAM had direct control over the Plan and the
Committee, and (2) Maney, AAM's CEO and Managing Director, is also the CEO and
Managing Director of AGI-FM and AGI-US.  (Opp. at 25 (citing FAC ¶¶ 19-20, 24).)
Plaintiffs assert that (1) because the Employer Entities are Plan employers, investment
advisors, or AAM subsidiaries, they should have been aware of the fiduciary breaches at
issue "[b]y virtue of these roles," and (2) Maney's knowledge is "properly imputed to
these other entities."  (*Id.*)  However, these assertions are not alleged in the operative

---

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1614-JLS (JCGx)                              Date:  August 5, 2016
Title:  Aleksandr Urakhchin et al. v. Allianz Asset Management of America, L.P., et al.
_____

complaint.  Plaintiffs' only allegation as to knowledge is their conclusory assertion that
the Employer Defendants "knew or should have known" the fiduciary defendants had
breached their duties.  (FAC ¶ 131.)  "[M]ere conclusory statements[] do not suffice,"
and courts "'are not bound to accept as true a legal conclusion couched as a factual
allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

      Accordingly, for the above reasons, Plaintiffs fail to state a claim for equitable
relief under § 1132(a)(3).  The Motion is therefore GRANTED as to this claim, which is
DISMISSED WITHOUT PREJUDICE.


**IV.**   **CONCLUSION**

      For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART
the Motion to Dismiss.  The Motion is GRANTED as to the third claim for equitable
relief under § 1132(a)(3), which is DISMISSED WITHOUT PREJUDICE.  The Motion
is DENIED as to all remaining claims.


                              Initials of Preparer:  tg