Christina Queiros Bouchot (SBN 289701)
cbouchot@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.:  213.426.2500
Fax.:  213.623.1673

James O. Fleckner (*pro hac vice*)
jfleckner@goodwinlaw.com
David Rosenberg (*pro hac vice*)
drosenberg@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.:  617.570.1000
Fax.:  617.523.1231

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR URAKHCHIN AND NATHAN MARFICE, INDIVIDUALLY, AS REPRESENTATIVES OF THE CLASS AND ON BEHALF OF THE ALLIANZ ASSET MANAGEMENT OF AMERICA, L.P. 401(K) SAVINGS AND RETIREMENT PLAN,<br><br>          Plaintiffs,<br><br>               v.<br><br>ALLIANZ ASSET MANAGEMENT OF AMERICA L.P., ALLIANZ ASSET MANAGEMENT OF AMERICA LLC, COMMITTEE OF THE ALLIANZ ASSET MANAGEMENT OF AMERICA L.P. 401(K) SAVINGS AND RETIREMENT PLAN, JOHN MANEY, ALLIANZ GLOBAL INVESTORS FUND MANAGEMENT LLC, PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, ALLIANZ GLOBAL INVESTORS U.S. LLC, NFJ INVESTMENT GROUP LLC, AND JOHN DOES 1-30,<br><br>          Defendants. | Case No. 8:15-cv-01614-JLS-JCG<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Courtroom:      10A<br>Judge:          Hon. Josephine L. Staton |

1   Defendants Allianz Asset Management of America L.P. ("AAM LP"),

2   Allianz Asset Management of America LLC ("AAM LLC"), the Committee of the

3   Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan

4   ("the Committee") and John Maney ("Maney," collectively, "Defendants") hereby

5   answer Plaintiffs' First Amended Class Action Complaint (the "Complaint") and

6   state as follows:[1]

7   1.      In response to the allegations contained in Paragraph 1 of the

8   Complaint, Defendants admit that Plaintiffs purport to bring claims under the

9   Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in their

10  individual capacity and on behalf of the Allianz Asset Management of America L.P.

11  401(k) Savings and Retirement Plan (the "Plan"), and deny that Plaintiffs have any

12  claims against Defendants.

13  2.      In response to the allegations contained in Paragraph 2 of the

14  Complaint, Defendants admit that Plaintiffs purport to bring claims against AAM

15  LP, AAM LLC, the Committee, Maney and John Does 1-30 as fiduciaries of the

16  Plan (the "Alleged Fiduciary Defendants"), but neither admit nor deny Plaintiffs'

17  allegation that these entities and individuals are ERISA fiduciaries, which

18  constitutes a legal conclusion as to which no response is required.  Plaintiffs' claims

19  against AAM LP, AAM LLC, PIMCO, and AGI (the "Employer Defendants") were

20  dismissed on August 5, 2016, so no response is needed to this portion of Plaintiffs'

21  allegation.

22  3.      In response to the allegations contained in Paragraph 3 of the

23  Complaint, Defendants admit that Plaintiffs purport to seek injunctive and other

24

25  [1] Because the only claim against Allianz Global Investors Fund Management LLC
    ("AGIFM"), Pacific Investment Management Company LLC ("PIMCO"), Allianz
26  Global Investors U.S. LLC ("AGI US"), and NFJ Investment Group LLC ("NFJ")
    was dismissed on August 5, 2016, those entities are no longer parties to this action
27  and they do not need to respond to the Complaint.  *See* ECF No. 61.  AGIFM, AGI
    US, and NFJ are referred to collectively herein as "Allianz Global Investors" or
28  "AGI."

equitable relief from Defendants, but deny that Plaintiffs have any claims against Defendants.

4.     Defendants neither admit nor deny the allegations contained in Paragraph 4 of the Complaint, which constitute legal conclusions as to which no response is required.

5.     Defendants deny the allegations in Paragraph 5 of the Complaint.

6.     Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     In response to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that Plaintiffs purport to assert claims for breach of the fiduciary duties of loyalty and prudence and failure to monitor fiduciaries. Plaintiffs' claims for equitable restitution were dismissed on August 5, 2016, so no response is needed to this portion of Plaintiffs' allegation. Defendants deny that Plaintiffs have any claims against Defendants.

9.     Defendants neither admit nor deny the allegations contained in Paragraph 9 of the Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

10.     Defendants neither admit nor deny the allegations contained in Paragraph 10 of the Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

11.     Defendants neither admit nor deny the allegations contained in Paragraph 11 of the Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

12.     Defendants admit that Plaintiff Alexsander Urakhchin ("Urakhchin") has participated in the Plan since 2011.  Defendants neither admit nor deny the remaining allegations contained in the first sentence of Paragraph 12 of the Complaint, which constitute legal conclusions as to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13.     Defendants admit that Plaintiff Nathan Marfice ("Marfice") has participated in the Plan since 2009.  Defendants neither admit nor deny the remaining allegations contained in the first sentence of Paragraph 13 of the Complaint, which constitute legal conclusions as to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that the Plan is the result of several plan mergers, that the Plan was amended and restated effective as of October 29, 2012, and that the October 29, 2012 restatement was executed by an individual signing on behalf of AAM LLC.  Defendants otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants neither admit nor deny the allegations contained in Paragraph 18 of the Complaint, which constitute Plaintiffs' characterizations of the 2012 Restatement of the Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan ("the Plan Document"), and respectfully refer the Court to the Plan Document for the exact content and context thereof.

19.     Defendants admit that AAM LP maintains an office in Newport Beach, California.  Defendants admit that AAM LP is the employer of one member of the Committee currently, but deny that AAM LP is the employer of the other members of the Committee.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 19 of the Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document.  Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.

20.     Defendants admit that AAM LLC is the sole general partner of AAM LP, that AAM LLC has appointed members of the Committee, and that the Plan Document was executed by Maney signing on behalf of AAM LLC as general partner of AAM LP.  Defendants neither admit nor deny the allegations contained in the third and fourth sentences of Paragraph 20 of the Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document.  Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.  Defendants otherwise deny the allegations contained in Paragraph 20.

21.     Defendants neither admit nor deny the allegations contained in Paragraph 21 of the Complaint, which constitute Plaintiffs' characterizations of the Plan Document, and respectfully refer the Court to the Plan Document for the exact content and context thereof.

22.     Defendants neither admit nor deny the allegations contained in Paragraph 22 of the Complaint, which constitute Plaintiffs' characterizations of the Plan Document, and respectfully refer the Court to the Plan Document for the exact content and context thereof.

23.     Defendants admit that Plaintiffs purport to bring claims against unnamed individuals, but deny that Plaintiffs have any claims.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 23 of the

Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document. Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.

24.     Defendants admit that Maney is the Chief Operating Officer and Managing Director of AAM LP and AAM LLC and the sole individual on the management boards of both AAM LP and AAM LLC.  Defendants further admit that Maney signed the Plan Document.  Defendants deny the allegations contained in the third sentence of Paragraph 24 of the Complaint.  Defendants otherwise neither admit nor deny the allegations in Paragraph 24, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document.  Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.

25.     Defendants admit that Plaintiffs purport to bring claims against unnamed individuals, but deny that Plaintiffs have any claims.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 25 of the Complaint, which contain legal conclusions to which no response is required.

26.     Defendants neither admit nor deny the allegations contained in Paragraph 26 of the Complaint, which constitute legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

27.     Defendants admit that AGIFM is a participating entity in the Plan. Defendants admit that AGIFM acts as the investment advisor for at least 24 of the investment options offered under the Plan.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 27 of the Complaint, which constitute legal conclusions as to which no response is required.

28.     Defendants admit that PIMCO is a participating entity in the Plan. Defendants admit that PIMCO acts as the investment advisor for at least 23 of the

investment options offered under the Plan.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 28 of the Complaint, which constitute legal conclusions as to which no response is required.

29.     Defendants admit that AGI US is a participating entity in the Plan. Defendants admit that AGI US acts as the investment sub-advisor for at least 20 of the investment options offered under the Plan.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 29 of the Complaint, which constitute legal conclusions as to which no response is required.

30.     Defendants admit that NFJ is a participating entity in the Plan and that it acts as an investment sub-advisor for four of the investment options offered under the Plan.  Defendants otherwise neither admit nor deny the allegations contained in Paragraph 30 of the Complaint, which constitute legal conclusions as to which no response is required.

31.     Defendants neither admit nor deny the allegations contained in Paragraph 31 of the Complaint, which constitute legal conclusions as to which no response is required.

32.     Defendants neither admit nor deny the allegations contained in Paragraph 32 of the Complaint, which constitute legal conclusions as to which no response is required.

33.     Defendants neither admit nor deny the allegations contained in Paragraph 33 of the Complaint, which constitute legal conclusions as to which no response is required.

34.     Defendants neither admit nor deny the allegations contained in Paragraph 34 of the Complaint, which constitute legal conclusions as to which no response is required.

35.     Defendants neither admit nor deny the allegations contained in Paragraph 35 of the Complaint, which constitute legal conclusions as to which no response is required.

36.     Defendants neither admit nor deny the allegations contained in Paragraph 36 of the Complaint, which constitute legal conclusions as to which no response is required.

37.     Defendants neither admit nor deny the allegations contained in Paragraph 37 of the Complaint, which constitute legal conclusions as to which no response is required.

38.     Defendants neither admit nor deny the allegations contained in Paragraph 38 of the Complaint, which constitute legal conclusions as to which no response is required.

39.     Defendants neither admit nor deny the allegations contained in Paragraph 39 of the Complaint, which constitute legal conclusions as to which no response is required.

40.     Defendants admit that the Plan is a defined-contribution or 401(k) plan. Defendants neither admit nor deny the remaining allegations contained in Paragraph 40 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the cited documents for the exact content and context thereof.

41.     Defendants neither admit nor deny the allegations contained in Paragraph 41 of the Complaint, which constitute either legal conclusions or introductory statements as to which no response is required.  To the extent that Paragraph 41 constitutes Plaintiffs' characterizations of the documents cited therein, Defendants respectfully refer the Court to the documents described in Paragraph 41 for the exact content and context thereof.

42.     Defendants neither admit nor deny the allegations contained in Paragraph 42 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 42 for the exact content and context thereof.

43.     Defendants admit that the Plan offers participants the option of opening

1  a self-directed brokerage account that gives them access to a broad array of

2  investments including, but not limited to, stocks, bonds and mutual funds.

3  Defendants neither admit nor deny the allegations contained in the first, third,

4  fourth, and fifth sentences of Paragraph 43 of the Complaint which constitute

5  Plaintiffs' characterizations of the documents cited therein, and respectfully refer the

6  Court to the documents described in Paragraph 43 for the exact content and context

7  thereof.  Defendants otherwise deny the allegations contained in Paragraph 43.

8      44.    Defendants neither admit nor deny the allegations contained in the first

9  sentence of Paragraph 4 of the Complaint, which constitute legal conclusions as to

10  which no response is required.  Defendants neither admit nor deny the remaining

11  allegations contained in Paragraph 44 of the Complaint, which constitute Plaintiffs'

12  characterizations of the documents cited therein, and respectfully refer the Court to

13  the documents described in Paragraph 44 for the exact content and context thereof.

14      45.    Defendants admit that approximately 13% of the Plan's assets were

15  invested through the Plan's self-directed brokerage account as of December 31,

16  2014.  Defendants deny the allegations contained in the first sentence of Paragraph

17  45 of the Complaint.  Defendants neither admit nor deny the remaining allegations

18  contained in Paragraph 45 of the Complaint, which constitute Plaintiffs'

19  characterizations of the documents cited therein, and respectfully refer the Court to

20  the documents described in Paragraph 45 for the exact content and context thereof.

21      46.    Defendants neither admit nor deny the allegations contained in

22  Paragraph 46 of the Complaint, which constitute legal conclusions as to which no

23  response is required.

24      47.    Defendants neither admit nor deny the allegations contained in

25  Paragraph 47 of the Complaint, which constitute Plaintiffs' characterizations of the

26  document cited therein, and respectfully refer the Court to the document described

27  in Paragraph 47 for the exact content and context thereof.

28      48.    Defendants neither admit nor deny the allegations contained in

Paragraph 48 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 48 for the exact content and context thereof.

49.     Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in the first two sentences of Paragraph 50 of the Complaint.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 50 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 50 for the exact content and context thereof.

51.     Defendants neither admit nor deny the allegations contained in Paragraph 51 of the Complaint, which constitute legal conclusions as to which no response is required.

52.     Defendants neither admit nor deny the allegations contained in Paragraph 52 of the Complaint, which constitute Plaintiffs' characterizations of documents cited in Paragraphs 53-54 and 56-58, and respectfully refer the Court to the documents described in Paragraphs 53-54 and 56-58 for the exact content and context thereof.

53.     Defendants deny the allegations contained in the second sentence of Paragraph 53.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 53 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 53 for the exact content and context thereof.

54.     Defendants neither admit nor deny the allegations contained in Paragraph 54 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 54 for the exact content and context thereof.

55.     Defendants neither admit nor deny the allegations contained in

Paragraph 55 of the Complaint, which constitute legal conclusions as to which no response is required.

56.     Defendants neither admit nor deny the allegations contained in Paragraph 56 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 56 for the exact content and context thereof.

57.     Defendants neither admit nor deny the allegations contained in Paragraph 57 of the Complaint, which constitute Plaintiffs' characterizations of the document and website cited therein, and respectfully refer the Court to the document and website described in Paragraph 57 for the exact content and context thereof.

58.     Defendants neither admit nor deny the allegations contained in Paragraph 58 of the Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the documents cited therein.  Defendants respectfully refer the Court to the documents described in Paragraph 58 for the exact content and context thereof.

59.     Defendants admit that that only investments managed by AGI and PIMCO and/or their predecessor entities have been offered as core investment options under the Plan from October 7, 2009 to the present, that AGI is an indirect subsidiary of AAM LP and AAM LLC, and that PIMCO is a subsidiary of AAM LP and an indirect subsidiary of AAM LLC.  Defendants otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants neither admit nor deny the allegations contained in Paragraph 60 of the Complaint which constitute Plaintiffs' characterizations of the document cited therein, and respectfully refer the Court to the document described in Paragraph 60 for the exact content and context thereof.  Defendants admit that the document describes 43 "core" mutual funds which were offered at that point in time in addition to a self-directed brokerage.

61.     Defendants neither admit nor deny the allegations contained in

Paragraph 61 of the Complaint, which constitute Plaintiffs' characterizations of the document cited therein, and respectfully refer the Court to the document described in Paragraph 61 for the exact content and context thereof.

62.     Defendants admit that, as of December 31, 2010, the Plan's assets were valued at $511,793,346.

63.     Defendants neither admit nor deny the allegations contained in Paragraph 63 of the Complaint, which constitute Plaintiffs' characterizations of the Plan's 2013 Form 5500, and respectfully refer the Court to that document for the exact content and context thereof.

64.     Defendants admit that, as of December 31, 2013, the Plan's assets were valued at $771,691,908.  Defendants admit that this amount consisted of $627,396,381 in shares of mutual funds managed by PIMCO or AGI, $44,244,424 in interests in collective investment trusts managed by PIMCO or AGI, $93,035,625 invested through the Plan's self-directed brokerage account option, and $7,015,478 in Plan participant loans.  Defendants otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants neither admit nor deny the allegations contained in Paragraph 65 of the Complaint, which constitute Plaintiffs' characterization of the document and information described therein, and respectfully refer the Court to the document and information described in Paragraph 65 for the exact content and context thereof

66.     Defendants deny that the Plan cost was outrageously high.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 66 of the Complaint which constitute Plaintiffs' characterization of the document cited therein and in Paragraph 65 of the Complaint, and respectfully refer the Court to the documents described in Paragraphs 65 and 66 for the exact content and context thereof.  Defendants otherwise deny the allegations contained in Paragraph 66.

67.     Defendants neither admit nor deny the allegations contained in

Paragraph 67 of the Complaint, which contains a mathematical comparison of two numbers.  To the extent that a response is required, Defendants deny that the Plan or its participants have incurred any harm.

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.    Defendants neither admit nor deny the allegations contained in Paragraph 69 of the Complaint, which constitute Plaintiffs' characterizations of the document cited therein, and respectfully refer the Court to the document described in Paragraph 69 for the exact content and context thereof.

70.    Defendants deny the allegations contained in Paragraph 70 of the Complaint, except that Defendants neither admit nor deny the allegations contained in Paragraph 70 that constitute Plaintiffs' characterizations of expense ratios listed in the public filings for the mutual funds available under the Plan, and respectfully refer the Court to those documents for the exact content and context thereof.

71.    Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint, except that Defendants neither admit nor deny the allegations contained in Paragraph 72 of the Complaint that constitute Plaintiffs' characterizations of expense ratios listed in the public filings for the mutual funds available under the Plan as well as other mutual funds, and respectfully refer the Court to those documents for the exact content and context thereof.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.   Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.   Defendants neither admit nor deny the allegations contained in Paragraph 77 of the Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 77 for the exact content and context thereof.

78.   Defendants deny the allegations contained in Paragraph 78 of the Complaint, except they admit that certain AGI funds have in the past been either liquidated or merged.

79.   Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.   Defendants admit that PIMCO has launched at least 57 mutual funds since January 1, 2008, and that AGI has launched at least 28 mutual funds in the same time frame.  Defendants otherwise deny the allegations contained in Paragraph 80 of the Complaint.

81.   Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.   Defendants neither admit nor deny the allegations contained in Paragraph 82 of the Complaint which constitute Plaintiffs' characterizations of the cited document, and respectfully refer the Court to the document described in Paragraph 82 for the exact content and context thereof.  Defendants otherwise deny the allegations contained in Paragraph 82.

83.   Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.   Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.   Defendants admit that PIMCO launched a series of target-date funds then-called the Real Retirement funds in March 2008, and that certain of the Real

1  Retirement funds were offered to Plan participants beginning in 2009.  Defendants
2  admit that other fund complexes offer target-date funds.  Defendants otherwise deny
3  the allegations contained in Paragraph 85 of the Complaint.

4       86.    Defendants admit that AGI launched a series of target-date funds now
5  called the AllianzGI Retirement Funds in December 2008, and that certain of those
6  funds were offered to Plan participants beginning in 2009.  Defendants admit that
7  other fund complexes offer target-date funds.  Defendants otherwise deny the
8  allegations contained in Paragraph 85 of the Complaint.

9       87.    Defendants admit that, in addition to target-date funds, at least four
10  mutual funds have been added as investment options under the Plan that were in
11  existence for less than two years.  Defendants otherwise deny the allegations
12  contained in Paragraph 87 of the Complaint.

13       88.    Defendants deny the allegations contained in the first and third
14  sentences of Paragraph 88 of the Complaint.  Defendants neither admit nor deny the
15  allegations contained in the second sentence of Paragraph 88, which constitute
16  Plaintiffs' characterizations of the documents cited therein, and respectfully refer the
17  Court to the documents described in Paragraph 89 for the exact content and context
18  thereof.

19       89.    Defendants deny the allegations contained in the first sentence of
20  Paragraph 89 of the Complaint.  Defendants neither admit nor deny the allegations
21  contained in the second sentence of Paragraph 89, which constitute Plaintiffs'
22  characterizations of the documents cited therein, and respectfully refer the Court to
23  the documents described in Paragraph 89 for the exact content and context thereof..

24       90.    Defendants admit that the AllianzGI Disciplined Equity Fund and
25  PIMCO EqS Pathfinder Fund no longer exist.  Defendants otherwise deny the
26  allegations contained in Paragraph 90 of the Complaint.

27       91.    Defendants deny the allegations contained in Paragraph 91 of the
28  Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.    Defendants neither admit nor deny the allegations contained in Paragraph 93 of the Complaint, which constitute Plaintiffs' characterizations of the Plan Document, and respectfully refer the Court to the Plan Document for the exact content and context thereof.

94.    Defendants neither admit nor deny the allegations contained in Paragraph 94 of the Complaint, which constitute Plaintiffs' characterizations of the Plan Document and Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan Summary Plan Description ("Summary Plan Description"), and respectfully refer the Court to the Plan Document and Summary Plan Description for the exact content and context thereof.

95.    Defendants admit that the Committee had previously selected the AllianzGI Global Allocation Fund ("Global Allocation Fund") to be the Plan's default investment option, and that Plaintiff Urakhchin was invested in the Global Allocation Fund in 2011.  Defendants deny that the Global Allocation Fund is currently the Plan's default investment option.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Complaint.

96.    Defendants admit that $57,453,921 in Plan assets were invested in the Global Allocation Fund as of December 31, 2013, and that $57,532,627 in Plan Assets were invested in the PIMCO Total Return Fund as of that same date. Defendants otherwise deny the allegations contained in Paragraph 96 of the Complaint.

97.    Defendants admit that the Global Allocation Fund invests part of its assets in other mutual funds, but otherwise deny the allegations in the first two sentences of Paragraph 97 of the Complaint, and deny that the Global Allocation Fund has an expense ratio of 0.85%.  Defendants neither admit nor deny the

1  remaining allegations contained in Paragraph 97, which constitute Plaintiffs'

2  characterizations of the document cited in Paragraph 97, and respectfully refer the

3  Court to that document for the exact content and context thereof.

4       98.    Defendants deny the allegations contained in Paragraph 98 of the

5  Complaint, except that Defendants neither admit nor deny the allegations contained

6  in Paragraph 98 of the Complaint that constitute Plaintiffs' characterizations of the

7  holdings of the Global Allocation Fund listed in its public filings, and respectfully

8  refer the Court to those documents for the exact content and context thereof.

9       99.    Defendants deny the allegations contained in Paragraph 99 of the

10  Complaint.

11       100.   Defendants admit that, as of November 2014, four equity fund holdings

12  within the Global Allocation Fund were funds managed by AGI that had been

13  launched within the three years prior to November 2014, and that the Global

14  Allocation Fund's holdings included at least fourteen equity funds.  Defendants

15  deny the allegations contained in the first sentence of Paragraph 100 and deny the

16  remaining allegations contained in the second sentence of Paragraph 100.

17       101.   Defendants admit that (i) the AllianzGI Best Styles Global Equity Fund

18  was launched in December 2013, (ii) the AllianzGI Best Styles International Equity

19  Fund was launched in December 2014, and (iii) the AllianzGI Best Styles U.S.

20  Equity Fund was launched in December 2014.  Defendants otherwise deny the

21  allegations contained in Paragraph 101 of the Complaint.

22       102.   Defendants admit that, as of May 31, 2015, the two largest equity fund

23  holdings in each AllianzGI target-date fund were the AllianzGI Best Styles

24  International Equity Fund ("Best Styles International Equity Fund") and the

25  AllianzGI Best Styles U.S. Equity Fund ("Best Styles U.S. Equity Fund"), and that

26  the Best Styles International Equity Fund and Best Styles U.S. Equity Fund were

27  both launched in December 2014.  Defendants further admit that, as of May 31,

28  2015, approximately $202 million was invested in the Global Allocation Fund and

that approximately $107 million of this amount was invested in the AllianzGI Best Styles Global Equity Fund ("Best Styles Global Equity Fund"), that the Best Styles Global Equity Fund was launched in December 2013, and that, as of December 31, 2014, the Plan had invested approximately $60 million in the Global Allocation Fund. Defendants neither admit nor deny Plaintiffs' mathematical comparisons contained in Paragraph 102 of the Complaint, and further deny the remaining allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants admit that Plaintiff Urakhchin has been a participant in the Plan from 2011 to the present and that at various points during that time he has invested his Plan account in the Global Allocation Fund and PIMCO Stocks Plus Fund. Defendants deny the allegations contained in the third sentence of Paragraph 105 of the Complaint.

106. Defendants admit that Plaintiff Marfice has been a participant in the Plan from 2009 to the present and that during that at various points during that time he has invested his Plan account in the AllianzGI Retirement 2040 Fund, the PIMCO RealPath 2040 Fund, the AllianzGI NFJ Divided Value Fund, the AllianzGI Focused Growth Fund, the PIMCO Stocks Plus Fund, the AllianzGI Microcap Fund, the AllianzGI Mid-Cap Fund, the PIMCO Real Return Fund, the PIMCO Short Asset Investment Fund, and the PIMCO Total Return Fund. Defendants deny that they have breached any duties. Defendants deny the allegations contained in the third sentence of Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in the first and third sentences of Paragraph 107 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in

the second sentence of Paragraph 107 of the Complaint.

108.   In response to the allegations contained in Paragraph 108 of the Complaint, Defendants admit that Plaintiffs purport to bring this action on behalf of the Plan and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but deny that certification of any class is appropriate in this case.

109.   In response to the allegations contained in Paragraph 109 of the Complaint, Defendants admit that Plaintiffs seek certification of the class as defined, but deny that certification of any class is appropriate in this case.

110.   Defendants deny the allegations in the first sentence of Paragraph 110 of the Complaint and deny that certification of any class is appropriate in this case. Defendants admit that the Plan has had between approximately 3,000 and 3,900 participants during points in time since October 7, 2009.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint and deny that certification of any class is appropriate in this case.

112.   Defendants deny the allegations in Paragraph 112 of the Complaint and deny that certification of any class is appropriate in this case.

113.   Defendants deny the allegations in Paragraph 113 of the Complaint and deny that certification of any class is appropriate in this case.

114.   Defendants deny the allegations in Paragraph 114 of the Complaint and deny that certification of any class is appropriate in this case.

115.   Defendants deny the allegations in Paragraph 115 of the Complaint and deny that certification of any class is appropriate in this case.

116.   Defendants deny the allegations in Paragraph 116 of the Complaint and deny that certification of any class is appropriate in this case.

117.   Defendants neither admit nor deny the allegations contained in Paragraph 117 of the Complaint, which constitute legal conclusions as to which no response is required.

118.   Defendants deny the allegations contained in Paragraph 118 of the

1    Complaint.

2         119.   Defendants deny the allegations contained in Paragraph 119 of the

3    Complaint.

4         120.   Defendants deny the allegations contained in Paragraph 120 of the

5    Complaint.

6         121.   Defendants deny the allegations contained in Paragraph 121 of the

7    Complaint.

8         122.   Defendants neither admit nor deny the allegations contained in

9    Paragraph 122 of the Complaint, which constitute legal conclusions as to which no

10   response is required.

11        123.   Defendants neither admit nor deny the allegations contained in

12   Paragraph 123 of the Complaint, which constitute Plaintiffs' characterizations of the

13   Plan Document, and respectfully refer the Court to the Plan Document for the exact

14   content and context thereof.

15        124.   Defendants neither admit nor deny the allegations contained in

16   Paragraph 124 of the Complaint, which constitute legal conclusions as to which no

17   response is required.

18        125.   Defendants neither admit nor deny the allegations contained in

19   Paragraph 125 of the Complaint, which constitute legal conclusions as to which no

20   response is required.

21        126.   Defendants neither admit nor deny the allegations contained in

22   Paragraph 126 of the Complaint, which constitute legal conclusions as to which no

23   response is required.

24        127.   Defendants deny the allegations contained in Paragraph 127 of the

25   Complaint.

26        128.   Defendants deny the allegations contained in Paragraph 128 of the

27   Complaint.

28        129.   Defendants deny the allegations contained in Paragraph 129 of the

Complaint.

130.   No response to the allegations contained in Paragraph 130 of the Complaint is required because, on August 5, 2016, the Court dismissed Count III of the Complaint.

131.   No response to the allegations contained in Paragraph 131 of the Complaint is required because, on August 5, 2016, the Court dismissed Count III of the Complaint.

132.   No response to the allegations contained in Paragraph 132 of the Complaint is required because, on August 5, 2016, the Court dismissed Count III of the Complaint.

133.   No response to the allegations contained in Paragraph 133 of the Complaint is required because, on August 5, 2016, the Court dismissed Count III of the Complaint.

The remainder of Plaintiffs' Complaint constitutes a prayer for relief as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek the relief listed, but deny that Plaintiffs have any claims against Defendants or right to relief.

## **DEFENSES**

Defendants advance the following defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

1

Second Defense

2

3

The Plaintiffs lack standing to bring claims regarding funds in which the Plaintiffs did not invest.

4

Third Defense

5

6

7

8

9

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs had knowledge of their alleged claims more than three years prior to filing the Complaint and/or that the conduct giving rise to Plaintiffs' claim occurred more than six years prior to the filing of the Complaint.

10

Fourth Defense

11

12

Plaintiffs have not suffered any legally cognizable losses or damages from their purported investments in the funds available under the Plan.

13

Fifth Defense

14

15

16

Any injury sustained by Plaintiffs on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

17

Sixth Defense

18

19

20

The Alleged Fiduciary Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

21

Seventh Defense

22

23

Plaintiffs cannot establish that AAM LP, AAM LLC, and Maney acted as fiduciaries with respect to the conduct alleged in the Complaint.

24

25

26

27

28

ACTIVE/87383606

21

1

Eighth Defense

2   Plaintiffs' claims are barred, in whole or in part, because the Complaint seeks

3 relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C.

4 §§ 1109 and 1132(a)(2), and it seeks relief that is not "other appropriate equitable

5 relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

6

Ninth Defense

7   Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C.

8 § 1104(c), because Plaintiffs exercised control over their plan accounts.

9

Tenth Defense

10   Plaintiffs' claims are barred, in whole or in part, because advisory fees paid

11 by investment companies are governed not by ERISA but by the Investment

12 Company Act of 1940, as amended.

13

Eleventh Defense

14   Plaintiffs have proximately caused, contributed to, and/or failed to mitigate an

15 any and all harm and/or loss claimed.

16

Twelfth Defense

17   Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or estoppel.

18

Thirteenth Defense

19   Plaintiffs' claims are barred to the extent that Plaintiffs released and/or

20 covenanted to not sue Defendants regarding the ERISA claims brought in the

21 Complaint.

22

Fourteenth Defense

23   The claims of Plaintiffs and the members of the purported classes are barred

24 by their failure to exhaust administrative remedies.

25

Fifteenth Defense

26   To the extent that this action seeks exemplary or punitive damages, any such

27 relief would violate Defendants' rights to procedural and substantive due process.

28

1

## **RESERVATION OF RIGHTS**

2    Defendants hereby give notice that they intend to rely upon such other and

3 further defenses as may become available or apparent during pre-trial proceedings in

4 this case and hereby reserve all rights to amend their answer to assert such defenses.

5

## **DEMAND FOR JUDGMENT**

6    WHEREFORE, Defendants respectfully request that the Court:

7    a) dismiss the Complaint with prejudice;

8    b) award Defendants their attorneys' fees and costs; and

9    c) grant such other and further relief as it deems just and proper.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  August 19, 2016

Respectfully submitted,

By:*/s/ James O. Fleckner*
James O. Fleckner (*pro hac vice*)
*jfleckner@ goodwinlaw.com*
David Rosenberg (*pro hac vice*)
*drosenberg@ goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

Christina Queiros Bouchot (SBN 289701)
*cbouchot@ goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, CA 90017
Telephone:  (213) 426-2500
Facsimile:  (213) 623-1673

*Attorneys for Defendants*
**ALLIANZ ASSET MANAGEMENT OF AMERICA L.P.; ALLIANZ ASSET MANAGEMENT OF AMERICA LLC; COMMITTEE OF THE ALLIANZ ASSET MANAGEMENT OF AMERICA L.P. 401(K) SAVINGS AND RETIREMENT PLAN; and JOHN MANEY.**