1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   | ALEKSANDR URAKHCHIN and | CASE NO. SACV 15-1614-JLS (JCG) |

NATHAN MARFICE, individually, as

12   representatives of the class, and on behalf of

13   the ALLIANZ ASSET MANAGEMENT      **ORDER GRANTING PLAINTIFFS'**
OF AMERICA, L.P. 401(K) SAVINGS        **UNOPPOSED MOTION FOR**
14   AND RETIREMENT PLAN,               **PRELIMINARY APPROVAL OF**
                                        **CLASS ACTION SETTLEMENT (Doc.**
15                                      **174) AND SETTING A FINAL**
                    Plaintiffs,         **FAIRNESS HEARING DATE FOR**
16                                      **JULY 27, 2018, AT 2:30 P.M.**

17            vs.

18

19   ALLIANZ ASSET MANAGEMENT OF
AMERICA, L.P., ALLIANZ ASSET
20   MANAGEMENT OF AMERICA, LLC,
COMMITTEE OF THE ALLIANZ ASSET
21   MANAGEMENT OF AMERICA, L.P.
22   401(K) SAVINGS AND RETIREMENT
PLAN, and JOHN MANEY,
23

24                  Defendants.

25

26

27

28

1

Before the Court is an Unopposed Motion filed by Plaintiffs Aleksandr Urakhchin and Nathan Marfice seeking preliminary approval of a proposed class action settlement of claims that Defendants[1] breached their fiduciary duties in managing the Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan.  (Mem., Doc. 174-1.)  Plaintiffs asks the Court to (1) preliminarily approve the terms of the class action settlement; (2) approve the Settlement Notices and authorize distribution of the Notices by Dahl Administration, LLC; (3) certify the proposed Settlement Class; and (4) schedule a final fairness hearing date.  (*See* Notice of Mot. at 1.)  Having read and considered the papers on file, the Court GRANTS Plaintiffs' Motion and sets a final fairness hearing date for July 27, 2018, at 2:30 p.m.

## I.     <u>BACKGROUND</u>

Plaintiffs Urakhchin and Marfice were participants in the Plan.  (FAC ¶¶ 12-13, Doc 28.)  The Plan covers eligible employees and former employees of Defendants.  (*Id*. ¶ 18.)  Plaintiffs allege that the Plan's fiduciaries "imprudently managed the Plan's investments, and maintained a Plan lineup consisting exclusively of funds managed by entities affiliated with the Plan sponsor, AAM-LP, without considering alternative investments from other companies that were less expensive and performed better in many cases.  (Mem. at 8; FAC ¶ 5.)  On October 7, 2015, Plaintiffs filed a class lawsuit against Defendants.  (*See* Compl., Doc. 1)  On January 6, 2016, they filed a first amended complaint. (FAC.)  In the FAC, Plaintiffs allege the following claims: (1) breach of fiduciary duties under ERISA, 29 U.S.C. § 1104; (2) failure to monitor fiduciaries; and (3) equitable relief based on receipt of ill-gotten proceeds, 29 U.S.C. § 1132(a)(3).

On February 5, 2016, Defendants moved to dismiss the FAC.  (MTD, Doc. 32.)  The Court granted in part and denied in part the Motion to Dismiss on August 5, 2016; the

---

[1] Defendants are Allianz Asset Management of America, L.P., Allianz Asset Management of America, LLC, Committee of the Allianz Asset Management of America, L.P. 401(k) Savings and Retirement Plan, and John Maney.

1   Court granted the motion as to the claim for equitable relief, and the first two claims

2   remained.  (Order on MTD, Doc. 61.)  Defendants filed an Answer to the FAC on August

3   19, 2016.  (Doc. 62.)

4        On June 15, 2017, the Court conditionally certified two classes.  (Order, Doc. 108.)

5   The first, a monetary relief class, was defined as "[a]ll participants and beneficiaries of the

6   Allianz Asset Management of America, L.P. 401(k) Savings and Retirement Plan ("Plan")

7   at any time on or after October 7, 2009, excluding Defendants, their directors, and any

8   employees with responsibility for the Plan's investment or administrative functions."  (*Id*.

9   at 19.)  A second class, the injunctive relief class, was defined as "[a]ll current participants

10  and beneficiaries of the Allianz Asset Management of America, L.P. 401(k) Savings and

11  Retirement Plan ("Plan"), excluding Defendants, their directors, and any employees with

12  responsibility for the Plan's investment or administrative functions."  (*Id*.)  The classes

13  were certified separately because former participants included in the monetary relief class

14  did not have standing to pursue injunctive relief.  (*Id*.)  Defendants moved for summary

15  judgment on August 25, 2017 on all claims.  (Doc. 131.)  Prior to a hearing or ruling on

16  summary judgment, the parties reached a settlement.  (Mem. at 10.)

17       The Settlement Agreement proposes a Settlement Class that tracks the conditionally

18  certified Monetary Relief Class but that closes the class period, defining the class as "all

19  participants and beneficiaries of the Plan at any time during the Class Period, excluding the

20  Defendants, their directors, and any employees with responsibility for the Plan's

21  investment or administrative functions."   (Richter Decl. Ex. A, "Settlement Agreement" ¶

22  2.46, Doc. 174-3.)  The parties estimate that there are 5,600 class members.  (Mem. at 10.)

23       The settlement provides for a full-distribution, non-reversionary settlement fund of

24  $12,000,000.  (*Id*.)  After deducting attorneys' fees, litigation costs, Plaintiffs' service

25  payments, and the costs of administering the settlement fund, the net settlement amount

26  will be used to provide settlement payments to each class member.  (*Id*.)  The remaining

27  fund will be distributed to class members on a pro rata basis, based on the class member's

28

3

1    account balance compared to the total of all class members' account balances.  (*Id.* at 10-

2    11.)  Current participants will have their Plan accounts automatically credited; former

3    participants will submit a claim form.  (Richter Decl. Ex. 1, Doc. 174-3.)   They must do so

4    at least ten days prior to the final fairness hearing.  (Mem. at 11.)

5         The Settlement Agreement also provides for prospective relief: for a period of no

6    less than three years from the effective date of the agreement, the Plan will retain the

7    services of an unaffiliated investment consultant to provide an annual evaluation of the

8    investment lineup and review the investment policy statement.  (Settlement Agreement ¶

9    7.1.1.)  Moreover, an independent fiduciary will review the Settlement and provide a

10   report for the Court's consideration at least thirty days prior to the fairness hearing.  (*Id.* ¶

11   3.1.2.)

12        In return for net settlement fund payments and injunctive relief, Plaintiffs and

13   settlement class members fully release and discharge Defendants and affiliated persons and

14   entities from claims

15

16        a) That are or could be based on any of the allegations, acts, omissions,
             purported conflicts, representations, misrepresentations, facts, events,
17           matters, transactions or occurrences that were or could have been asserted
             in the Action (including any assertion set forth in the Complaint or First
18           Amended Complaint, or any other submission made by the Class
             Representatives, Class Members, or their expert witnesses or Class
19           Counsel in connection with the Action) or in any other complaint, action
             or litigation, or that arise out of, or are related to, the same nucleus of
             facts alleged in the Original and the First Amended Complaint…
20        b) That would be barred by res judicata based on entry by the Court of the
             Final Approval Order;
21        c) That relate to the direction to calculate, the calculation of, and/or the
             method or manner of allocation of the Net Settlement Fund pursuant to
22           the Plan of Allocation; or
          d) That relate to the approval by the Independent Fiduciary of the Settlement
23           Agreement, unless brought against the Independent Fiduciary alone.

24

25   (Settlement Agreement ¶ 2.42.)

26        The settlement provides that Class Counsel will request an award of attorneys' fees

27   of up to 25% of the settlement fund.  (*Id.* ¶ 8.2.)  The settlement further provides that

28

4

Plaintiffs may each apply for an incentive award, but do not set forth the amount that they will request.  (*Id*. ¶ 8.1)  Defendants agree not to take a position on applications seeking the above attorneys' fees, costs, and incentive payments.  (Mem. at 14)  The settlement administrator will also be paid from the settlement fund for the reasonable costs of administering this settlement.  (Settlement Agreement ¶ 8.1.)  Subject to the Court's approval, the parties agree to appoint Dahl Administration as the claims administrator in this settlement.  (Mem. at 24.)

The Motion also enumerates the process for Class Notice.  (Proposed Notice, Richter Decl. Exs. 3-4, Doc. 174-3.)  The Settlement Administrator will send notice by first-class mail, postage pre-paid to the last known address of each class member provided by the Plan's record-keeper (or its designee).  (Settlement Agreement ¶ 3.3.1.)  The Notice will also be posted on the settlement website.  (*Id*.)  The Settlement Administrator will use reasonable efforts to locate any class member whose notice is returned, and attempt to mail the notice one additional time.  (*Id*.)

Current participants will not be required to submit a claim form to receive benefits under the Settlement Agreement, while former participants will submit a claim form; they must do so at least ten days prior to the date set for the final fairness hearing.  (Mem. at 13; Settlement Agreement ¶ 3.2.9.)  Class members will have until 28 days before the final fairness hearing to object to the settlement.  (Settlement Agreement ¶ 3.2.7.)

Plaintiffs now move for preliminary approval of the proposed settlement.  (Mot.)  The parties contend that the proposed settlement is fair, reasonable, adequate, and in the best interest of the proposed class.  (Mem. at 10-17.)

## II.     <u>CONDITIONAL CERTIFICATION OF THE CLASS</u>

Plaintiffs assert that certification is proper for the same reasons the Court previously granted class certification of the Monetary Relief class.  (*See* Motion for Class Cert., Doc. 79.)  For the same reasons identified in the Court's prior order granting class certification

of Monetary Relief Class, the Court finds that the settlement class satisfies adequacy, typicality, numerosity, commonality, and preferability of class versus individual litigation under Rule 23(a) and Rule 23(b)(1).  (*See* Class Cert. Order, Doc. 108.)  This class differs from the prior class definition only in that it closes the class period based on the date of filing of the Motion for Preliminary Approval.  Accordingly, the Court concludes that the changes to the class definition do not affect the analysis of the Rule 23 factors as previously set forth in the Court's Order granting Class Certification.

### III.   <u>PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u>

To preliminarily approve a proposed class-action settlement, Rule 23(e)(2) requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2).  In turn, review of a proposed settlement typically proceeds in two stages, with preliminary approval followed by a final fairness hearing.  Federal Judicial Center, *Manual for Complex Litigation*, § 21.632 (4th ed. 2004).

"To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant;[2] and the reaction of the class members to the proposed settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case."  *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).  "'It is the settlement taken as a whole, rather than the

---

[2] This factor does not apply in this case.

6

1   individual component parts, that must be examined for overall fairness,' and 'the

2   settlement must stand or fall in its entirety.'" *Staton*, 327 F.3d at 960 (quoting *Hanlon*,

3   150 F.3d at 1026) (alterations omitted).

4       At this preliminary stage and because Class Members will receive an opportunity to

5   be heard on the settlement, "a full fairness analysis is unnecessary . . . ." *Alberto v. GMRI,*

6   *Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008).  Instead, preliminary approval and notice of

7   the settlement terms to the proposed class are appropriate where "[1] the proposed

8   settlement appears to be the product of serious, informed, non-collusive negotiations, [2]

9   has no obvious deficiencies, [3] does not improperly grant preferential treatment to class

10   representatives or segments of the class, and [4] falls within the range of *possible* approval

11   . . . ." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)

12   (internal quotation marks and citation omitted) (emphasis added); *see also Acosta v. Trans*

13   *Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) ("To determine whether preliminary

14   approval is appropriate, the settlement need only be *potentially* fair, as the Court will make

15   a final determination of its adequacy at the hearing on the Final Approval, after such time

16   as any party has had a chance to object and/or opt out.") (emphasis in original).

17       In evaluating all applicable factors below, the Court finds that the proposed

18   settlement agreement should be preliminarily approved.

19

20       **A. <u>Strength of Plaintiff's Case</u>**

21       The principal claims at issue here involve Defendants' alleged breach of fiduciary

22   duties when managing the Plan.  While Plaintiffs believe there is strong legal and factual

23   support for their claims, there is inherent risk in continued litigation.  (*See* Mem. at 14 .)

24   Defendants filed a motion to dismiss and for summary judgment, and other cases with

25   similar facts and allegations have ended in favor of defendants.  (*Id.*)  The Court finds that

26   given these potential obstacles, this factor weighs in favor of granting preliminary

27   approval.

28

1

2        **B.   <u>Risk, Complexity, and Likely Duration of Further Litigation</u>**

3             Plaintiffs argue that continued litigation would become time consuming and

4    uncertain.  (*Id.* at 20.)  The parties had seven experts, meaning that any trial would be

5    lengthy and expensive, and the parties anticipate that the non-prevailing side would

6    lengthen the already-lengthy litigation process through appeals.  (*Id.*)  Although Plaintiffs

7    emphasize the meritorious nature of the class claims, they observe that settlement allows

8    class members to avoid potential dispositive findings such as a lack of lose causation, and

9    "the risks and additional costs associated with trial."  (*Id.* at 14-15)   *See Nat'l Rural*

10   *Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most

11   situations, unless the settlement is clearly inadequate, its acceptance and approval are

12   preferable to lengthy and expensive litigation with uncertain results." (citation omitted)).

13

14       **C.   <u>Risk of Maintaining Class Certification</u>**

15            The Court, in this Order, certifies the class for settlement purposes.  The parties do

16   not highlight any risks to obtaining or maintaining class certification throughout the course

17   of litigation, and none are obvious to the Court.  In any case, however, there remains a risk

18   that a class may be decertified, and these risks have been held to be "not so minimal" as to

19   preclude a Court granting preliminary approval to a settlement agreement.  *See Rodriguez*

20   *v. West Publ'g Corp.*, 536 F.3d 948, 966 (9th Cir. 2009).

21

22       **D.   <u>Amount Offered in Settlement</u>**

23            The Court finds that the amount offered in settlement is reasonable.  The proposed

24   settlement provides for a settlement fund of $12,000,000, which is a substantial benefit to

25   the class.  (Mem. at 16.)  Plaintiffs note that their potential recovery at trial might fall

26   within a "wide range;" their expert calculated that losses might range from 15.2 million for

27   "excess fee" damages to up to $47 million for total plan-wide losses.  (*Id.* at 17.)  The

28

8

proposed settlement fund represents approximately 25.5% (assuming the high end of plan-wide losses) to 78.9% (assuming the low end of fees-only losses) of Defendant's maximum potential liability. A "settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair," *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (internal quotation marks and citation omitted). These various percentages compare favorably to prior approved settlements in ERISA class actions. *See id.* (finding fair and adequate an ERISA settlement representing one-sixth, or 16 percent, of recovery); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2017 WL 6623031, at *6 (N.D. Cal. Dec. 28, 2017) (approving ERISA settlement recovery of 25%). Class members will also receive benefit from the prospective relief that assures independent investment review of the Plan for three years. Accordingly, in considering the difficulties of potential recovery, the Court finds that the amount offered in settlement weighs in favor of preliminary approval.

The allocation of settlement funds also appears fair, adequate, and reasonable. Each Class Member will receive a pro rata share of the settlement based on their account balance compared to the account balances of all class members. (Mem. at 10-11.) This weighs in favor of preliminary approval.

Finally, the amount of the settlement also appears fair, adequate, and reasonable in light of the claims released by Plaintiffs and Settlement Class Members. Each class member will release "any and all claims . . . based on any of the allegations . . . that were or could have been asserted in the Action." (Settlement Agreement ¶ 2.42.) The scope of this release weighs in favor of preliminary approval. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." (internal quotation marks and citation omitted)). Although the release includes both the

1   original and First Amended Complaints, the Court concludes that the allegations and

2   causes of action brought were substantially similar and is not concerned that the inclusion

3   of the original complaint would result in an overly broad release.

4                 **1.**    ***The Court's Concerns***

5         Although the Court does not approve the proposed amount of attorneys' fees and

6   service payments at this stage, the Court notes that the parties have not identified the

7   amounts they intend to seek for administration costs, litigation costs, and incentives

8   awards.  In their Application for Fees and Costs, Plaintiffs must justify why these amounts,

9   in particular any requested service payments, are reasonable.  Plaintiffs are cautioned that

10   the requested service payments must be reasonable and justified in light of the

11   circumstances of the case.

12

13         **E.  Stage of the Proceedings and Extent of Discovery Completed**

14         This factor requires the Court to evaluate whether "the parties have sufficient

15   information to make an informed decision about settlement."  *Linney v. Cellular Alaska*

16   *P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).  Discovery can be both formal and informal.

17   *See Clesceri v. Beach City Investigations & Protective Servs., Inc.*, No. CV-10-3873-JST

18   (RZx), 2011 WL 320998, at *9 (C.D. Cal. Jan. 27, 2011).  Here, the parties engaged in

19   extensive discovery, including exchanging seven expert reports.  (Mem. at 9.)  Given these

20   facts, the Court concludes that the parties possess sufficient information to make an

21   informed settlement decision.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459

22   (finding plaintiffs had "sufficient information to make an informed decision about the

23   [s]ettlement" where formal discovery had not been completed but class counsel had

24   "conducted significant investigation, discovery and research, and presented the court with

25   documentation supporting those services.").  Accordingly, this factor weighs in favor of

26   granting preliminary approval.

27

28

**F.  Experience and Views of Counsel**

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted).  This presumption may be warranted "based on Class Counsel's expertise in complex litigation, familiarity with the relevant facts and law, and significant experience negotiating other class and collective action settlements."  *Ford v. CEC Entm't, Inc.*, No. 14-CV-677 JLS (JLB), 2015 WL 11439033, at *4 (S.D. Cal. Dec. 14, 2015).  Kai Richter, who was previously appointed as Class Counsel in light of his expertise and experience, has endorsed the settlement agreement as fair, reasonable, and adequate. (Richter Decl. ¶ 9, Doc. 174-2.)  Thus, this factor favors preliminary approval.

**G.  Reaction of Class Members to Proposed Settlement**

Plaintiffs have not provided evidence of the class members' reactions to the proposed settlement.  However, the Court recognizes that the lack of such evidence is not uncommon at the preliminary approval stage.  Before the final fairness hearing, Class Counsel shall submit a sufficient number of declarations from class members discussing their reactions to the proposed settlement.  In addition, a small number of objections at the time of the fairness hearing may raise a presumption that the settlement is favorable to the class.  *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043.

**H.  Signs of Collusion**

The Court notes that the parties have negotiated a "clear-sailing" agreement regarding attorneys' fees and class representative incentive award.  However, this alone is not enough to find that the parties have colluded, as both payments will come from the capped settlement fund.  *See Rodriguez*, 536 F.3d at 961 n.5 (noting that where payments are to be made from a capped settlement fund, clear sailing provisions do not signal collusion).  Aside from this, the Court finds no sign, explicit or subtle, of collusion

between the parties.  Of course, before final approval, the court will "scrutinize closely the relationship between attorneys' fees and benefit to the class" and will not "award[] unreasonably high fees simply because they are uncontested."  *In re Bluetooth*, 654 F.3d at 948 (internal quotation marks and citation omitted).  The Court will also ultimately determine whether the requested service payment amounts are justified by the circumstances of this case.

Considering all of the factors together, the Court preliminarily concludes that the settlement is fair, reasonable, and adequate.

## IV.   APPROVAL OF THE PROPOSED CLAIMS ADMINISTRATOR

The Court previously approved the proposed claims administrator, Dahl Administration, to distribute class notices following the Court's class certification order.  (Order, Doc. 118.)  The Court finds no reason not to approve Dahl as the claims administrator, particularly in light of its performance thus far in the matter.  (*See* Richter Decl. ¶ 22.)

## V.   PRELIMINARY APPROVAL OF CLASS NOTICE FORM AND METHOD

For a class certified under Rule 23(b)(1), notice is not required; nonetheless, the Court directed notice in this action based on due process concerns.  Moreover, notice is proper in this case because some class members must submit claim forms to receive a distribution.

Pursuant to the settlement, the Plan's recordkeeper will provide contact information for class members to the Settlement Administrator.  (Settlement Agreement ¶ 3.5.)  Within forty-five days following preliminary approval of the settlement, the claims administrator will send the class notice by U.S. Mail.  (*Id*. ¶¶ 3.3, 3.3.1)  If the notice is undeliverable the claims administrator will use commercially reasonable efforts to locate any class member whose notice is returned and mail the notice one additional time.  (*Id*. ¶ 3.3.1)  Current

participants will not have to submit a claim form to receive benefits under the settlement; former participants will submit a claim form which will be sent with the Notice.  (*Id.* ¶ 3.3.2)  Further, the claims administrator will initiate a settlement website including information about the action, the settlement, and all deadlines, and establish a toll-free telephone call center facility that will provide callers with the option to speak with a live operator if necessary.  (Mem. at 14.)  Class members will have until twenty-eight days prior to the final fairness hearing to object to the settlement.

The Supreme Court has found notice by mail to be sufficient if the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *accord Sullivan v. Am. Express Publ'g Corp.*, No. SACV 09-142-JST ANx, 2011 WL 2600702 at *8 (C.D. Cal. June 30, 2011) (quoting *Mullane*).  The Court finds that the proposed procedure for class notice satisfies these standards.

Plaintiffs have provided the Court with a copy of the proposed notice.  (Class Notice, Richter Decl. Exs. 3, 4.)  Under Rule 23, the notice must include, in a manner that is understandable to potential class members: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B).  The proposed notice includes this necessary information.  (*See* Class Notice.)

The Court, however, requires the notice to be modified as follows:

- Under Question 10 ("How will the lawyers be paid?"), the notice should also state that all papers filed in this action will also be available for review via the

13

Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

- Under Question 5 ("How much will my distribution be?"), the notice must mirror the language in Question 17 (with the addition identified above) setting forth that a copy of the application for fees and costs will be available for review.  As explained earlier in this order, Plaintiffs must adequately justify the requested service payments in the application for fees and costs.  The notice must indicate that a copy of this application can be viewed at the Courthouse and through PACER by the filing deadline identified below.

Subject to the changes discussed above, the Court approves the form and method of class notice.  The Court ORDERS the parties to file a revised version of the Full Notice within **10 days** of this Order.

The Court requires that any motion for attorneys' fees, costs, *and service payments* be filed with the Court **no later than 15 days before** the objection deadline.  Plaintiffs shall file their motion for final approval no later than **June 15, 2018**, including a brief responding to any submitted objections and otherwise summarizing the class members' participation in the settlement and the settlement administration to date.

## VI.    <u>CONCLUSION</u>

For the reasons discussed above, the Court (1) preliminarily approves the terms of the class action settlement; (2) certifies the proposed Settlement Class; and (3) approves the form and method of class notice, subject to the changes discussed above.  The Court ORDERS the parties to file a revised version of the Full Notice within **10 days** of this Order.

The Court sets a final fairness hearing for **July 27, 2018, at 2:30 p.m.**, to determine whether the settlement should be finally approved as fair, reasonable, and adequate to Class Members.  Plaintiffs shall file their motion for final approval no later than **June 15, 2018**.  Class Counsel shall file any supplemental brief in support of their application for

1  fees and costs **no later than 15 days before** the objection deadline.  The Court reserves

2  the right to continue the date of the final fairness hearing without further notice to class

3  members.

4

5

6  DATED:  February 06, 2018

                                               JOSEPHINE L. STATON

7                                       UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28